Fanny Fern WEYMOUTH et al.

v.

COLORADO INTERSTATE GAS COMPANY.

Civ. A. No. 2963.

United States District Court
N. D. Texas,
Amarillo Division.

Nov. 7, 1963.

See also D.C., 217 F.Supp. 204.

D. H. Culton, B. M. Britain, L. A. White, Amarillo, Tex., for plaintiffs.

James Moran, James White, Denver, Colo., Lewis, Poe, Robert McCracken, Colorado Springs, Colo., A. J. Folley, Amarillo, Tex., for defendant.

BREWSTER, District Judge.

This suit seeks damages for breach of duties under an oil and gas lease covering the 100,000 acre Masterson Ranch in

Potter and Moore Counties, Texas. The plaintiffs are now, and were at all times material to this litigation, the lessors under the oil and gas lease and the owners of the entire ⅛ royalty interest in the ranch. Likewise, the defendant is now and was the oil and gas lessee and producer. The ranch is located in the prolific West Panhandle Field, and almost all of it produces gas. The plaintiffs sued to recover $1,849,415.84, alleged to be due them by the defendant on account of its failure to use diligence in producing gas from the ranch during the five years from 1957 through 1961, and of its failure to pay the full market value of the gas at the wellhead during such period.

Upon the first trial, the jury returned as its verdict answers to three special interrogatories, one of which dealt with the issue of the market value of the natural gas during each of the years in the period involved.[1]

The market values found by the jury coincided with the prices which had been paid by the defendant under an agreement that the plaintiffs reserved the right to assert that the market value was more.

Judgment in favor of the plaintiffs was entered upon such verdict for $175,072.-00, principal, and $25,160.00, accrued interest.

The plaintiffs filed a motion for new trial based on a number of grounds, including the admission of hearsay evidence as to comparable sales offered by the defendant during the direct examination of one of its own witnesses. The testimony and supporting exhibits prepared by the witness were offered as independent substantive evidence of prices paid for natural gas in comparable situations after the witness' statement on direct examination that he had firsthand knowledge of such prices. It later developed that his testimony and exhibits were hearsay. Under the circumstances, the evidence was not admissible under any one of the three classifications recognized in the Fifth Circuit, which are so well summarized as Conditions I., II. and III. in Hays v. State, Tex.Civ.App., 1960, 342 S.W.2d 167, 170–171, writ refused, n.r.e. Condition I. requires proper documentary evidence of the consideration or testimony of a participant in the sale from firsthand knowledge. While Conditions II. and III. permit hearsay testimony with proper limiting instructions, the admission of the evidence in question could not be sustained under either of them, because the witness was

* * * * *

[1] "QUESTION NO. 1: Do you find from a preponderance of the evidence that the defendant failed to use that degree of diligence that would have been used under the same or similar circumstances by an ordinarily prudent lease operator in producing and marketing gas from the Masterson Ranch in the West Panhandle Field, during all or any part of the period from January 1, 1957 through December 31, 1961?
"ANSWER: Yes.
"QUESTION NO. 2: How much additional gas, if any, in cubic feet at a pressure base of 14.65 pounds per square inch, over and above the amount which was actually produced and marketed, do you find from a preponderance of the evidence could and would have been marketed by the defendant from the Masterson Ranch, during the five years in question, by the exercise of that degree of diligence that would have been used by an ordinarily prudent lease operator under the same or similar circumstances?
"ANSWER:
"For the year 1957 4.7 billion c.f.
"For the year 1958 4.5 billion c.f.
"For the year 1959 5 billion c.f.
"For the year 1960 4.6 billion c.f.
"For the year 1961 5 billion c.f.
"QUESTION NO. 3: What do you find from a preponderance of the evidence was the market value, at the mouth of the well, of natural gas on the Masterson Ranch during the years 1957, 1958, 1959, 1960 and 1961?
"ANSWER:
"For the year 1957 10 cents per Mcf.
"For the year 1958 10 cents per Mcf.
"For the year 1959 12 cents per Mcf.
"For the year 1960 12 cents per Mcf.
"For the year 1961 12 cents per Mcf."

never asked his opinion as to value, and the evidence was not adduced during cross-examination. For the reasons stated in Weymouth v. Colorado Interstate Gas Company, D.C., Tex., 217 F.Supp. 204, the Court was of the opinion that while the admission of this testimony was prejudicial error, it had no possible injurious effect on any issue other than market value. The motion was granted as to that issue only and was overruled as to all others; and portions of the verdict and the judgment were set aside only as to that issue and allowed to stand as to all others. The effect of the order was to vacate the amount of damages fixed in the judgment, since that could not be determined without a verdict on the market value of the gas.

The case has now been tried again on the issue of value. It was submitted to the jury on only one interrogatory calling for answers as to market value of the gas for each of the years 1957, 1958, 1959, 1960 and 1961, and the jury has returned such answers as its verdict.[2]

The defendant now raises a question as to the character of judgment that should be entered to make certain that future title examiners will not raise the objection that there are two final judgments in the case, with the first one unsatisfied. It has filed a motion requesting that the judgment following the second trial recite that it supersedes the first one. The plaintiffs concede that there can be only one final judgment and that it

is the one following the last trial; but they object to the inclusion of language that the first judgment is superseded, because of apprehension that the portion thereof relating to issues other than market value might be considered as being set aside.

The Court is of the opinion that the fears of the parties are unfounded. The new trial only as to the issue of value was granted under the authority of Rule 59(a), F.R.Civ.P., which provides that a new trial may be granted "on all or part of the issues." It was necessary that the portions of the verdict and judgment as to the other issues stand until the determination of the value issue; but in such form the judgment was not a final one. Final judgment disposing of all the issues is proper now that the value issue has been settled by a jury verdict. The portions of the first judgment not set aside as mentioned above are merged into and become a part of the judgment entered following the last jury verdict. That judgment provides for a recovery by the plaintiffs against the defendant of $240,674.88, principal, and $60,290.41, accrued interest, together with further interest at the legal rate on the $240,674.88 from the judgment date until paid and court costs. That is the sole recovery now provided for in this case; and when it is paid, the one and only final judgment will be fully satisfied.

Proper order will be entered in accordance with this opinion.

* * * * *

2. "QUESTION NO. 1: What do you find from a preponderance of the evidence was the market value per Mcf. at the mouth of the well, of natural gas on the Masterson Ranch during the years 1957, 1958, 1959, 1960 and 1961?

"ANSWER:
"For the year 1957 *10.42* cents per Mcf.
"For the year 1958 *10.86* cents per Mcf.
"For the year 1959 *11.30* cents per Mcf.
"For the year 1960 *11.74* cents per Mcf.
"For the year 1961 *12.05* cents per Mcf."